UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDVERITY, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOES, 1-100, individually or as corporations/business entities,<br><br>    Defendants. | No. 2:16-cv-1616<br><br>COMPLAINT |

Plaintiff BrandVerity Inc., a Washington corporation ("BrandVerity"), alleges for its Complaint against John Does 1-100 (collectively "Defendants") as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff BrandVerity is a Washington corporation with its principal place of business in Seattle, Washington.

2.  The true names, involvement and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1 through 100 are unknown to BrandVerity. Therefore, BrandVerity sues these Defendants by a fictitious name. BrandVerity is informed and believes, and on that basis alleges, that each of the Defendants sued herein is responsible in some manner for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute. When the true names, involvement and capacities of these parties are ascertained,

BrandVerity will seek leave to amend this Complaint accordingly.

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338.

4. Defendants have engaged in tortious acts or omissions within this district, and have otherwise made or established contacts within this district sufficient to permit the exercise of personal jurisdiction.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Seattle, Washington, in the Western District of Washington.

## FACTUAL ALLEGATIONS

### The Brute Force and Phishing Attacks on BrandVerity

6. BrandVerity helps businesses, BrandVerity's clients, protect their brands by providing clients with online brand protection and monitoring services for paid search, website content, and coupon codes.

7. BrandVerity owns the domain name brandverity.com and conducts its business through that domain. From August 8 through August 11, 2016 a brute force cyber attacker attempted 2.6 Million username password combinations in an unsuccessful attempt to login to BrandVerity's website as an employee.

8. On Friday August 12, 2016, at approximately 4:04 p.m. Pacific Daylight Time, a phishing attacker sent an email to multiple members of BrandVerity's sales and accounts teams. The email was crafted to look as if it came from one of BrandVerity's sales representatives. As a result of the fraudulent email, at least one BrandVerity employee provided the phisher with enough information to allow the phisher to steal login credentials and access BrandVerity's internal website tools.

9. After gaining access to BrandVerity's internal network, the phishing attacker unsuccessfully attempted to increase his or her access to BrandVerity's internal website tools. However, the phisher did view limited information on at least one of BrandVerity's clients.

10. BrandVerity management discovered the phishing attack at approximately 5:30 p.m. on the day of the phishing attack and immediately took BrandVerity's website offline.

11. BrandVerity's investigation into the brute force and phishing attacks revealed:

   a. That the domain brandverity.co (nearly identical to BrandVerity's own domain, brandverity.com) was used in the phishing attack;

   b. The IP addresses used in the brute force attack;

   c. The IP addresses used in the phishing attack;

   d. That the phisher's login computer used a cookie associated with the logged in session of a prior BrandVerity trial account user; and

   e. That some of the IP addresses used in both the phishing and brute force attacks were the same IP address used to by the BrandVerity trial account user.

### BrandVerity's Trademark

12. BrandVerity owns the United States Patent and Trademark Office (USPTO) registered trademark BRANDVERITY, Registration No. 4102360.

13. BrandVerity's mark is distinctive, as evidenced by the mark's USPTO registration.

### Registration and Control of the Phishing Domain

14. The domain used to conduct the phishing attack on BrandVerity, brandverity.co, was registered on Wednesday, August 10, 2016, after the unsuccessful brute force attacks on BrandVerity and just two days before the phishing attack on BrandVerity. The brandverity.co website is now offline and attempts to access it generate Error 522.

15. OnlineNIC, Inc. is the registrar for brandverity.co, the phishing attack domain, and is located in Alameda, California. Laura Yun, located in Victoria, Mahe, Seychelles, is the registrant for brandverity.co, the phishing attack domain.

16. Regardless of the ownership of the brandverity.co domain, the phisher had enough control over brandverity.co to use it in a phishing attack against BrandVerity.

17. It is believed that the phisher is located in the United States and that discovery from companies located within the United States will reveal the identity of the phisher.

### BrandVerity's Economic Losses

18. BrandVerity employees spent hundreds of hours investigating and responding to the brute force and phishing attacks. BrandVerity also lost some clients as a result of the phishing attack.

19. BrandVerity's economic losses due to the brute force and phishing attacks include the cost of responding to the attacks, conducting damage assessments, restoring BrandVerity's data, programs, system, and information to its pre-attack condition and lost revenue.

### Identification of Defendants

20. In order to positively identify Defendants responsible for the brute force and phishing attacks on BrandVerity, leading to BrandVerity's Computer Fraud and Abuse Act and Anticybersquatting Consumer Protection Act claims, it will be necessary to serve subpoenas on third parties, including independent websites and Internet service providers.

21. Once Defendants are identified as those committing the acts alleged above, BrandVerity will name Defendants as parties to this action and pursue all available relief to which BrandVerity is entitled.

### FIRST CAUSE OF ACTION

### (Computer Fraud and Abuse Act - 18 U.S.C. § 1030)

22. BrandVerity re-alleges the allegations set forth in paragraphs 1-21 above.

23. The Defendants intentionally accessed BrandVerity's computer used in interstate commerce.

24. Defendants' access to BrandVerity's computer was without authorization.

25. As a result of Defendants' unauthorized access, Defendants recklessly caused damage to BrandVerity's computer.

26. The damages Defendants caused by their recklessness either now exceed or will exceed $5,000 during a one-year period. BrandVerity is entitled to recover economic damages

pursuant to 18 U.S.C. §1030(g).

## SECOND CAUSE OF ACTION

**(Anticybersquatting Consumer Protection Act - 15 USC § 1125(d))**

27. BrandVerity re-alleges the allegations set forth in paragraphs 1-26 above.

28. BrandVerity is the owner of BRANDVERITY, a USPTO registered trademark. BrandVerity also owns the domain, brandverity.com.

29. The registrant or the user or both of brandverity.co had a bad faith intent to profit from BrandVerity's mark.

30. The BrandVerity mark is distinctive, as evidenced by the BRANDVERITY USPTO registration.

31. The Defendants registered, trafficked in or used a domain that is identical or confusingly similar to BrandVerity's registered mark.

32. BrandVerity is entitled to cancellation of the domain brandverity.co or transfer of the domain to BrandVerity. BrandVerity is further entitled to all other applicable remedies and attorneys' fees under 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, BrandVerity prays for relief and judgment as follows:

A. Judgment in favor of BrandVerity and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Cancellation of the domain brandverity.co or transfer of the domain to BrandVerity;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just, equitable and proper.

//

//

//

1  DATED: October 14, 2016                    Respectfully submitted,

2                                             FOCAL PLLC

3                                         By: *s/ Venkat Balasubramani*
4                                             Venkat Balasubramani, WSBA #28269

5                                             *s/ Sean M. McChesney*
                                              Sean M. McChesney, WSBA #36973
6
                                              900 1st Avenue S., Suite 203
7                                             Seattle, WA 98134
                                              Tel: (206) 529-4827
8                                             Fax: (206) 260-3966
                                              venkat@focallaw.com
9                                             sean@focallaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27