HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDVERITY, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW PELLETIER, an individual; PURE VIRALITY INC., a Florida corporation; and JOHN DOES, 1-100, individually or as corporations/business entities,<br><br>    Defendants. | No. 2:16-cv-1616 JLR<br><br>FIRST AMENDED COMPLAINT |

Plaintiff BrandVerity Inc., a Washington corporation ("BrandVerity"), alleges for its First Amended Complaint against Matthew Pelletier, Pure Virality Inc., and John Does 1-100 (collectively "Defendants") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff BrandVerity is a Washington corporation with its principal place of business in Seattle, Washington.

2. Defendant Matthew Pelletier is an individual and, on information and belief, resides at 9427 Boca Gardens Cir. S., Apt. D, Boca Raton, Florida 33496.

3. Defendant Pure Virality Inc. is a corporation organized and existing under the laws of the State of Florida. On information and belief, Matthew Pelletier is the sole owner,

FIRST AMENDED COMPLAINT - 1

**focal**PLLC
900 1st Avenue S., Suite 203
Seattle, WA 98134
206.529.4827

officer and director of Pure Virality Inc.

4. The true names, involvement and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1 through 100 are unknown to BrandVerity. Therefore, BrandVerity sues these Defendants by a fictitious name. BrandVerity is informed and believes, and on that basis alleges, that each of the Defendants sued herein is responsible in some manner for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute. When the true names, involvement and capacities of these parties are ascertained, BrandVerity will seek leave to amend this First Amended Complaint accordingly.

5. Plaintiff is informed and believes, and on that basis alleges, that each Defendant named in this action is in some manner responsible for the wrongs and damages alleged herein, and in so acting was functioning as the agent, servant, partner, alter ego and/or employee of the other Defendants, and in taking the actions described herein was acting within the course and scope of his, her or its authority as such agent, servant, partner, alter ego and/or employee with the permission and consent of the other Defendants. Further, all act acts alleged herein were approved of and ratified by each and every other Defendant.

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338.

7. Defendants have engaged in tortious acts or omissions within this district, and transact or have transacted business within this district sufficient to permit the exercise of personal jurisdiction. Defendants' conduct causes injury to, and is directed at, Plaintiff and its property, within the State of Washington.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Seattle, Washington, in the Western District of Washington.

## FACTUAL ALLEGATIONS

### Defendants' Initial Contact with BrandVerity

9. BrandVerity helps its clients, some of the world's most recognized businesses, protect their brands by providing them with online brand protection and monitoring services for paid search, website content, and coupon codes.

10. BrandVerity owns the registration for the domain name brandverity.com and conducts its business through the BrandVerity website at that domain. BrandVerity's website contains a form that allows those interested in BrandVerity's services to request a demonstration of BrandVerity's services and a trial account.

11. On October 7, 2015, BrandVerity received a request for a demonstration through the form on BrandVerity's website. The request identified the sender as Matthew Pelletier, a representative of the company Pure Virality. The request identified the sender's email address as mpelletier@purevirality.com, and telephone number as (561) 674-0899. BrandVerity's system recorded the request as being sent from the IP address 73.1.9.130.

12. On the same day, BrandVerity received another request to for a demonstration through the form on BrandVerity's website. The request identified the sender as Matthew Pelletier, a representative of the company Atlantic Training. The request identified the sender's email address as mpelletier@atlantictraining.com, and telephone number as (561) 674-7309. BrandVerity's system recorded the request as being sent from the IP address 73.1.9.130.

13. Later that day, a person identifying himself as Matthew Pelletier also called BrandVerity's main telephone number and spoke with BrandVerity sales manager Andrew McCaffrey. Another BrandVerity sales manager, Olivia Hull became the primary correspondent with Matthew Pelletier. Matthew Pelletier and Ms. Hull exchanged a number of emails that same day, and subsequently over the course of several months, discussing BrandVerity's services.

14. On February 12, 2016, BrandVerity received yet another request through the form on the BrandVerity website. The request identified the sender as Matt Pelletier, a representative of the company Pure Virality Inc. The request identified the sender's email address as mpelletier@purevirality.com, and telephone number as (561) 288-0670.

15. Olivia Hull followed up with Pelletier and a BrandVerity account for Pelletier was

established on February 12, 2016.Unique account access credentials (username and password) were issued to Pelletier for the account. Only Pelletier and persons he shared the access credentials with would be able to access the account.

16. On the same day the account was established, BrandVerity also authorized use of BrandVerity's services by the account, on a trial basis, through February 28, 2016. The account was actively used during the trial periodby someone havingthe 73.1.9.130 IP address. When the trial period ended, on February 28, 2016, BrandVerity's collection services could no longer be used by the account. However, the account itself remained accessible, and could be accessed to review information that had been generated during the trial period.

17. Following the trial period, Ms. Hull emailed Pelletier to inquire about his experience with the BrandVerity's services during the trial, and to see whether Pelletier wished to purchase the BrandVerity service. On March 10, 2016, Pelletier informed Ms. Hull that he did not wish to purchase the BrandVerity service.

18. In February and March 2016 (including after the trial period), the Pelletier account was accessed numerous times using the IP addresses 73.1.9.130 and 104.200.154.89.The 73.1.9.130 IP address is the same IP address associated with Pelletier's first two requests for a demonstration. BrandVerity's logs show that the 73.1.9.130 IP address was used on June 27, 2016to access Pelletier's BrandVerity account and not again until August 2016. Then, in the days just prior to the August brute force attack described below, the IP address was used to access the Pelletier account on the BrandVerity website again numerous times.

**The Brute Force and Phishing Attacks on BrandVerity**

19. From August 8 through August 11, 2016 Defendants engaged in a brute force cyber attack, attempting 2.6 Million username and password combinations in an unsuccessful attempt to login to BrandVerity's computer system as an employee.IP addresses used in the attack included73.1.9.130 and 104.200.154.89.

20. On August 12, 2016, at approximately 4:04 p.m. Pacific Daylight Time, Defendants sent an email to multiple members of BrandVerity's sales and accounts teams. The

email was crafted to look as if it came from Olivia Hull, and used the same email signature used by Ms. Hull in communicating with Pelletier. The email address from which the email was sent contained the domain name *brandverity.co*, but that was not immediately noticed by the recipients of the email. As a result of the email, at least one BrandVerity employee provided Defendants with enough information to allow Defendants to fraudulently obtain login credentials and access BrandVerity's internal website tools.

21. The first request to access BrandVerity's internal website tools was made from a web browser that contained a secure cookie BrandVerity had previously set in connection with a prior logged-in session of Pelletier's trial account. A secure cookie is a small file that is provided by a website to a user's web browser and only transmitted over an encrypted connection. The user's web browser only presents this cookie to the website that issued it and then only over a secure encrypted connection. This secure cookie uniquely identifies a user and was issued only to the user of the Pelletier account. The request to access BrandVerity's internal website tools came from a user with the IP address 104.200.154.89, an IP address previously used both to access Pelletier's BrandVerity account and in connection with the brute force attacks.

22. After gaining access to BrandVerity's internal network, Defendants attempted to increase their access to BrandVerity's internal website tools, but were ultimately unsuccessful. However, Defendants did view confidential information related to at least one of BrandVerity's clients.

23. BrandVerity management discovered the spear phishing attack at approximately 5:30 p.m. on the day of the attack and immediately took BrandVerity's website offline. BrandVerity subsequently undertook an extensive investigation into the brute force and phishing attacks described above.

### BrandVerity's Trademark

24. BrandVerity owns the United States Patent and Trademark Office (USPTO) registered trademark BRANDVERITY, Registration No. 4102360.

25. BrandVerity has used the BRANDVERITY trademark in commerce continuously

since at least October 22, 2007. BrandVerity's use of the BRANDVERITY trademark has been without interruption and BrandVerity has never abandoned use of the BRANDVERITY trademark.

26. BrandVerity has used the BRANDVERITY trademark on its website located at www.brandverity.com since at least October 22, 2007. As a result of BrandVerity's widespread use and display of the BRANDVERITY trademark for nearly 10 years, both the public and the trade recognize the BRANDVERITY trademark as identifying and referring to BrandVerity's products and services.

27. BrandVerity's mark is distinctive, as evidenced by the mark's USPTO registration.

**Registration and Control of the Spear Phishing Domain**

28. The domain name used to conduct the spear phishing attack on BrandVerity, brandverity.co, was registered on Wednesday, August 10, 2016, after the unsuccessful brute force attacks on BrandVerity, and just two days before the spear phishing attack on BrandVerity. The brandverity.co website is now offline and attempts to access it generate Error 522.

29. OnlineNIC, Inc. is the domain name registrar for brandverity.co, thedomain name used in the spear phishing attack domain, and is located in Alameda, California.

30. Registration of the brandverity.co domain name was made using a domain privacy service that shields the true identity of the domain registration owner from public view. On information and belief, one of the Defendants is the domain name registration owner.

**BrandVerity's Economic Losses**

31. BrandVerity employees have spent hundreds of hours investigating and responding to the brute force and phishing attacks. BrandVerity also lost some clients as a result of the phishing attack.

32. BrandVerity's economic losses due to the brute force and phishing attacks include the cost of responding to the attacks, conducting damage assessments, restoring BrandVerity's data, programs, system, and information to its pre-attack condition and lost revenue.

//

**BrandVerity's Efforts to Identify Defendants**

33.     On November 1, 2016, BrandVerity filed a motion with the Court requesting leave to issue third-party discovery aimed at identifying defendants in this matter. The Court granted BrandVerity's motion on November 2, 2016.

34.     BrandVerity subsequently propounded discovery requests on a number of third parties, including Comcast Cable Communications, LLC ("Comcast"). Comcast objected to the subpoena, asserting that under the Cable Communications Policy Act of 1984, it could not release subscriber information absent a court order. BrandVerity thereafter moved the Court for an order directing Comcast to comply with BrandVerity's subpoena, which the Court granted on January 11, 2017.

35.     In response to BrandVerity's subpoena requesting information for a subscriber using the IP address 73.1.9.130 at the times relevant to the matters discussed herein, Comcast identified theIP address as having been assigned to Matthew Pelletier, 9427 S. Boca Gardens Cir. S., Unit D, Boca Raton, FL, 33496, telephone number 561-674-7309.

36.     The Florida Department of State, Division of Corporations website database contains a 2017 Florida Profit Corporation Annual Report for Pure Virality Inc., filed January 12, 2017, which identifies Pure Virality Inc.'s principal place of business as 9427 Boca Gardens Cir. S., Apt. D, Boca Raton, FL 33496. The annual report identifies Matthew Pelletier as Pure Virality Inc.'s President and Director, and his address as 9427 Boca Gardens Cir. S., Apt. D, Boca Raton, FL 33496. The annual report is signed by Matthew Pelletier.

**FIRST CAUSE OF ACTION**

**(Computer Fraud and Abuse Act - 18 U.S.C. §1030)**

37.     BrandVerity re-alleges the allegations set forth in paragraphs 1-36 above.

38.     Defendants intentionally accessed BrandVerity's computer used in interstate commerce.

39.     Defendants' access to BrandVerity's computer was without authorization.

40. As a result of Defendants' unauthorized access, Defendants recklessly caused damage to BrandVerity's computer.

41. The damages Defendants caused by their recklessness either now exceed or will exceed $5,000 during a one-year period. BrandVerity is entitled to recover economic damages pursuant to 18 U.S.C. §1030(g).

## SECOND CAUSE OF ACTION

### (Anticybersquatting Consumer Protection Act - 15 USC §1125(d))

42. BrandVerity re-alleges the allegations set forth in paragraphs 1-41 above.

43. BrandVerity is the owner of BRANDVERITY, a USPTO registered trademark. BrandVerity also owns the registration for the domain name brandverity.com.

44. The registrant or the user or both of brandverity.co had a bad faith intent to profit from BrandVerity's mark.

45. The BrandVerity mark is distinctive, as evidenced by the BRANDVERITY USPTO registration, and was distinctive at the time of registration of the brandverity.co domain name.

46. Defendants registered, trafficked in or used a domain that is identical or confusingly similar to BrandVerity's registered mark, namely brandverity.co.

47. None of the Defendants have the legal name BrandVerity, or any similar name.

48. None of the Defendants have made use of the brandverity.co domain name in connection with the bona fide offering of any goods or services.

49. Defendants have made no bona fide noncommercial or fair use of the BRANDVERITY mark in a website accessible under the brandverity.co domain name.

50. BrandVerity is entitled to cancellation of the domain brandverity.co or transfer of the domain to BrandVerity. BrandVerity is further entitled to all other applicable remedies and attorneys' fees under 15 U.S.C. §1117(a).

## PRAYER FOR RELIEF

WHEREFORE, BrandVerity prays for relief and judgment as follows:

A. Judgment in favor of BrandVerity and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, and pre-judgment and post-judgment interest, as permitted by law;

B. Transfer of the brandverity.co domain name to BrandVerity;

C. An award of attorneys' fees, costs, and expenses; and

D. Such other and further relief as the Court deems just, equitable and proper.

DATED: June 16, 2016                    Respectfully submitted,

                                        FOCAL PLLC

                                        By: *s/ Venkat Balasubramani*
                                        Venkat Balasubramani, WSBA #28269

                                        *s/ Sean M. McChesney*
                                        Sean M. McChesney, WSBA #36973

                                        900 1st Avenue S., Suite 201
                                        Seattle, WA 98134
                                        Tel: (206) 529-4827
                                        Fax: (206) 260-3966
                                        venkat@focallaw.com
                                        sean@focallaw.com

FIRST AMENDED COMPLAINT - 9

**focal**PLLC
900 1st Avenue S., Suite 203
Seattle, WA 98134
206.529.4827